IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT J. ODEN, ) | No. C 06-0741 JSW (PR) |
| Plaintiff, ) | **ORDER DIRECTING PLAINTIFF TO FILE CIVIL RIGHTS COMPLAINT FORM AND INSTRUCTIONS TO THE CLERK** |
| v. ) | |
| DR. M. YANEZ, et al., ) | |
| Defendants. ) | (Docket No. 3) |

Plaintiff, a prisoner of the State of California, filed a letter in the United States District Court for the Eastern District of California regarding mental health care and his retention in administrative segregation by prison officials at Salinas Valley State Prison which was construed as a civil rights complaint under 42 U.S.C. § 1983 and transferred to this Court. He has also filed a motion seeking leave to proceed in forma pauperis (docket no. 3). In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file the Court's civil rights complaint form within thirty days of the date of this order.

**STATEMENT OF FACTS**

Plaintiff generally complains about the treatment he has received as a "mental health patient" at Salinas Valley State Prison, including the refusal of his doctor to visit him in his cell when he was suicidal. His letter also complains that he has been retained in administrative segregation after being cleared of charges against him. However, because it is not clear from Plaintiff's letter to the Court whether he wishes to pursue a civil rights case (as opposed to the stated purpose therein, that he wishes to inform the

1    Court, so that an investigation can be undertaken as to why mental health patients at the
2    facility are suicidal), this Court will order Plaintiff to file the Court's complaint form if
3    he wishes to pursue a civil rights case.
4        Because the Court has no general investigatory power and can only resolve cases
5    and controversies properly before it, the Court now provides Plaintiff with a civil rights
6    complaint form, in which he may identify any legal claims he wishes to pursue here.  If
7    Plaintiff wishes to pursue such an action, he will be granted leave to amend to submit the
8    complaint form within thirty days as set forth below.  However, if Plaintiff seeks an
9    investigation by a government agency of the conditions at Salinas Valley, he must pursue
10   that by contacting them directly.  In that case, Plaintiff need not file an amended
11   complaint and this matter will be dismissed.

## DISCUSSION

### I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

### II   Legal Claims

To state a claim arising under federal law, it must be clear from the face of

1 Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland*
2 *Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to
3 plead his evidence "or specific factual details not ascertainable in advance of discovery,"
4 *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S.
5 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the
6 allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989
7 (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant
8 which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the
9 Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5
10 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to
11 amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122,
12 1126-27 (9th Cir. 2000) (en banc).

With regard to the amended complaint, Plaintiff must set forth in his complaint the actions of each named Defendant which violated Plaintiff's rights. The Court cannot cull defendants and claims from Plaintiff's pleadings and documentation - Plaintiff must clearly and succinctly: name each Defendant, state the injury that Defendant caused, identify the claimed constitutional provision (or other federal right) violated, and request the sought-after remedy. Without this basic information, the complaint cannot proceed. Accordingly, the complaint is DISMISSED. However, Plaintiff is provided with LEAVE TO AMEND his complaint within thirty days, as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty days from the date of this order***. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the

1 Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland*
2 *Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to
3 plead his evidence "or specific factual details not ascertainable in advance of discovery,"
4 *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S.
5 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the
6 allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989
7 (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant
8 which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the
9 Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5
10 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to
11 amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122,
12 1126-27 (9th Cir. 2000) (en banc).

13 With regard to the amended complaint, Plaintiff must set forth in his complaint
14 the actions of each named Defendant which violated Plaintiff's rights. The Court cannot
15 cull defendants and claims from Plaintiff's pleadings and documentation - Plaintiff must
16 clearly and succinctly: name each Defendant, state the injury that Defendant caused,
17 identify the claimed constitutional provision (or other federal right) violated, and request
18 the sought-after remedy. Without this basic information, the complaint cannot proceed.
19 Accordingly, the complaint is DISMISSED. However, Plaintiff is provided with
20 LEAVE TO AMEND his complaint within thirty days, as set forth below.

## CONCLUSION

22 For the foregoing reasons and for good cause shown,

23 1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as
24 indicated above. Plaintiff shall file an amended complaint within ***thirty days from the***
25 ***date of this order***. The amendment must include the caption and civil case number used
26 in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the

first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice. The Clerk is directed to provide Plaintiff with a copy of the Court's prisoner civil rights complaint form.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 14, 2006

JEFFREY S. WHITE
United States District Judge